# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JESUS M. GARCIA,

      Plaintiff,

v.                                                                  No. 2:22-cv-00668-KWR-SMV

CITY OF CARLSBAD BOARD MEMBERS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

      Plaintiff, who is proceeding *pro se*, filed a three-page Complaint with 44 pages of exhibits. *See* Civil Complaint, Doc. 1, filed September 12, 2022. United States Magistrate Judge Stephan M. Vidmar notified Plaintiff:

> The Complaint contains conclusory allegations regarding violations of constitutional rights and state law, and vague allegations of "actions taken by officials" but does not contain factual allegations regarding each Defendant. Although "a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (ellipsis omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint fails to state a claim upon which relief can be granted because it does not describe what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.").

Doc. 5 at 1-2, filed September 21, 2022 ("Order"). Judge Vidmar ordered that:

> Plaintiff file an amended complaint specifically describing what each Defendant did to Plaintiff; when each Defendant did it; how each Defendant's action harmed Plaintiff; and what specific legal right Plaintiff believes each Defendant violated. Failure to timely file an adequate amended complaint may result in dismissal of this case without further warning.

Order at 2.

Plaintiff filed an Amended Complaint, Doc. 7, filed October 7, 2022, a Motion for Discovery, Doc. 8, filed October 7, 2022, and a Motion for Injunctive Relief, Doc. 11, filed November 7, 2022.

Defendants City of Carlsbad Board Members ("Defendants") filed a Motion to Dismiss [Amended] Complaint for Failure to State a Claim. *See* Doc. 10, filed November 7, 2022 ("Motion to Dismiss").

**Plaintiff's Motion for Injunctive Relief**

Defendants oppose Plaintiff's Motion for Injunctive Relief stating: (i) "Plaintiff has not shown the elements for injunctive relief" because Plaintiff's Motion for Injunctive Relief "wholly lacks any showing of irreparable injury;" and (ii) "The motion is unintelligible ... Defendants are unable to discern what specific actions Plaintiff seeks to enjoin." Response at 1-2, Doc. 12, filed November 18, 2022. Plaintiff did not file a reply.

The Court denies Plaintiff's Motion for Injunctive Relief:

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021). The Motion for Injunctive Relief contains vague, conclusory statements regarding alleged "abuses" and "violations" but does not show the required elements for a preliminary injunction regarding success on the merits, irreparable injury, injury to the Defendants under the injunction, and the public

interest. In addition, the Motion for Injunctive Relief does not describe the acts to be restrained or required. *See* Fed. R. Civ. P. 65(d)(1) ("Every order granting an injunction ... must ... state the reasons why it issued ... state its terms specifically ... and ... describe in reasonable detail ... the act or acts restrained or required").

**Defendants' Motion to Dismiss**

Defendants move the Court to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted stating:

> Plaintiff's Amended Complaint fails to meet the standard in *Nasious*. Even giving Plaintiff's pleadings the liberal construction afforded to a pro se petitioner, it is impossible to decipher a viable claim from Plaintiff's complaints, which contain little more than unintelligible ramblings. Additionally, Plaintiff's Amended Complaint fails to remedy the defects indicated by the Court's Order (Doc. 5), and it remains subject to dismissal for failure to state a claim.

Motion to Dismiss at 2, ¶ 8. Plaintiff did not file a response to Defendants' Motion to Dismiss.

Having reviewed the Amended Complaint, the Court grants Defendants' Motion to Dismiss. Despite Judge Vidmar's notice of the information required to state a claim in federal court, the Amended Complaint does not explain what each Defendant did to Plaintiff, when the Defendant did it; how each Defendant's action harmed Plaintiff and, what specific legal right Plaintiff believes each Defendant violated. The Amended Complaint contains conclusory allegations such as "14th amendment violations of denial have positively been made," "Plaintiff was well aware of all the violations after Plaintiffs [sic] investigations, and refuses to be complicit in this criminal activity by officials," "[a]t no time did Plaintiff expect to encounter such abuse of office and power," "[t]his abuse not only harmed the Plaintiff by failure to correct it, it hurts every person in the entire jurisdiction," "not being heard for redress of grievance is harm," and "[t]he failure of representatives to respect the Oaths taken." Amended Complaint at 1-3. However, "conclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff states he "has created an exact file, which maybe [sic] obtained at the Sheriffs [sic] Office in Eddy County, not leaving out even one document just to show cause.  There are four exact files of the entirety of this case in four different locations."  Amended Complaint at 3.  The Court cannot retrieve Plaintiff's files from the Eddy County Sheriff's Office, or any other location, and infer the grounds for Plaintiff's claims.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").  Plaintiff is responsible for stating the facts that form the basis of his claims.  *See* Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

**Plaintiff's Motion for Discovery**

The Court denies Plaintiff's Motion for Discovery as moot because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Injunctive Relief, Doc. 11, filed November 7, 2022, is **DENIED.**

(ii) Defendants City of Carlsbad Board Members' Motion to Dismiss Complaint for Failure to State a Claim, Doc. 10, filed November 7, 2022, is **GRANTED.**  This case is **DISMISSED WITH PREJUDICE.**

(iii) Plaintiff's Motion for Discovery, Doc. 8, filed October 7, 2022, is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**