IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS M. GARCIA,

      Plaintiff,

v.                                                                                                    No. 2:22-cv-00668-KWR-SMV

CITY OF CARLSBAD BOARD MEMBERS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO VACATE ORDER OF DISMISSAL

      Plaintiff, who is proceeding *pro se*, filed a three-page Complaint which alleged that Defendants City of Carlsbad Board Members' ("Defendants") actions were unconstitutional and violated Plaintiff's constitutional rights. *See* Civil Complaint, Doc. 1, filed September 12, 2022.

      United States Magistrate Judge Stephan M. Vidmar notified Plaintiff:

> The Complaint contains conclusory allegations regarding violations of constitutional rights and state law, and vague allegations of "actions taken by officials" but does not contain factual allegations regarding each Defendant. Although "a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (ellipsis omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The Complaint fails to state a claim upon which relief can be granted because it does not describe what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.").

Doc. 5 at 1-2, filed September 21, 2022 ("Order").  Judge Vidmar ordered that:

> Plaintiff file an amended complaint specifically describing what each Defendant did to Plaintiff; when each Defendant did it; how each Defendant's action harmed Plaintiff; and what specific legal right Plaintiff believes each Defendant violated. Failure to timely file an adequate amended complaint may result in dismissal of this case without further warning.

Order at 2.

After Plaintiff filed an Amended Complaint, *see* Doc. 7, filed October 7, 2022, Defendants filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted stating:

> Plaintiff's Amended Complaint fails to meet the standard in *Nasious.* Even giving Plaintiff's pleadings the liberal construction afforded to a pro se petitioner, it is impossible to decipher a viable claim from Plaintiff's complaints, which contain little more than unintelligible ramblings. Additionally, Plaintiff's Amended Complaint fails to remedy the defects indicated by the Court's Order (Doc. 5), and it remains subject to dismissal for failure to state a claim.

Motion to Dismiss at 2, ¶ 8, Doc. 10, filed November 7, 2022. Plaintiff did not file a response to Defendants' Motion to Dismiss.

The Court granted Defendants' Motion to Dismiss and dismissed this case stating:

> Despite Judge Vidmar's notice of the information required to state a claim in federal court, the Amended Complaint does not explain what each Defendant did to Plaintiff, when the Defendant did it; how each Defendant's action harmed Plaintiff and, what specific legal right Plaintiff believes each Defendant violated. The Amended Complaint contains conclusory allegations such as ...  However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff states he "has created an exact file, which maybe [sic] obtained at the Sheriffs [sic] Office in Eddy County, not leaving out even one document just to show cause.  There are four exact files of the entirety of this case in four different locations."  Amended Complaint at 3.  The Court cannot retrieve Plaintiff's files from the Eddy County Sheriff's Office, or any other location, and infer the grounds for Plaintiff's claims.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").  Plaintiff is responsible for stating the facts that form the basis of his claims.  *See* Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

Doc. 14, filed December 5, 2022.

Plaintiff subsequently filed the following documents:

(i)      Motion to Vacate Order of Dismissal at 1, Doc. 18, filed December 15, 2022;

(ii)     Motion for Injunctive Relief, Doc. 16, filed December 15, 2022;

(iii)    Motion to Depose, Doc. 17, filed December 15, 2022;

(iv)    Racial Discrimination, Doc. 19, filed December 15, 2022;

(v)     Supplementary Summary Judgment Response, Doc. 20, filed December 15, 2022; and

(vi)    Writ of Certiorari, Doc. 21, filed December 15, 2022.

**Motion to Vacate Order of Dismissal**

The Court construes Plaintiff's Motion to vacate the Order of Dismissal as a Rule 59(e) motion to alter or amend a judgment because it was filed within 28 days of entry of, and questions the correctness of the Court's Order of Dismissal:

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Hayes Family Trust v. State Farm Fire & Casualty Co., 845 F.3d 997, 1004 (10th Cir. 2017); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment").

Plaintiff contends that his "case is not a dismissible case under 904.212 #3." Motion to Vacate Order of Dismissal at 1. Plaintiff also states:

> Judiciary review is warranted due to the fact that Judge Vidmar failed to give notice of his Recusal, and Judge Riggs assignment is suspect and subject to interrogatories by Judiciary for collusion and denial for lack of ruling on writings with evidence.
> ....
> This case in its effects are not dismissible by rule, all parties must agree, Plaintiff does not Consent or Agree by Rule 904.212, 1,2, or 3. Judge Riggs ruling is invalid

3

> due to this case being assigned to Judge Vidmar and no Recusal or reassignment, No Jurisdiction.
> ....
> Plaintiff has questions about 4 million dollars of tax payer money handed out, Plaintiff has questions about a young lady that was killed on a Halloween night. Plaintiff has questions about Mrs Nezbit. Plaintiff has questions about Mrs Northcutt. Plaintiff has questions about a man named Cass. All of these questions shall be answered in Oral arguments under Oath Kea Riggs is directly connected to these Questions due to her presence in Eddy county Courts. During these times her installment into Plaintiffs cause of action is Prejudicial and conclusive and a conflict and a violation of cannon Rules her presence near this case has the stink of corruption and must be investigated by the United States judiciary for further action. Jim Jordan can have a bite of that apple, I the Plaintiff would love to be present. Senior Chief Justice William Johnson should have been on top of this and not allowed Judge Riggs Near this case due to conflict Knowing the Cannon Violations Perpetrated by Judge Gray of the 5th Circuit Court and her connections to Riggs and Judge Riordans Recusal should have sent up red flags, it did to Plaintiff and I am Just an electrician.
> ....
> this entire case needs Supreme Court review, investigations into Email Text and Phone call Warrants to get to the obstruction of the possible ex Parte Communications, inserting Judge Riggs was not a concern till Plaintiff researched Riggs just to find that Judge Riggs may could have been a defendant and may just very well just become one by collusion an act or omission forbidden by law with cannon rule violations with no oversight.

[sic] Motion to Vacate Order of Dismissal at 1-3.

The Court denies Plaintiff's Motion to vacate the Court's Order of Dismissal. Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Plaintiff fails to show that the Court's Opinion is erroneous. Plaintiff argues that this case is not "dismissible" under "904.212." Plaintiff appears to refer to 15 C.F.R. § 904.212(a) which states:

> (a) Whenever the record discloses the failure of any party to file documents, respond to orders or notices from the Judge, or otherwise indicates an intention on the part of any party not to participate further in the administrative proceeding, the Judge may issue:
>
> (1) An order requiring any party to show why the matter that is the subject of the failure to respond should not be disposed of adversely to that party's interest;

4

> (2) An order requiring any party to certify intent to appear at any scheduled hearing; or
>
> (3) Any order, except dismissal, as is necessary for the just and expeditious resolution of the case.

15 C.F.R. § 904.212(a).  15 C.F.R. § 904.212 is not applicable to this case.  15 C.F.R. § 904.212 applies to the conduct of hearings and the issuance of administrative decisions of the National Oceanic and Atmospheric Administration ("NOAA") involving alleged violations of laws administered by NOAA.  *See* C.F.R. § 904.200(a).  Plaintiff makes the conclusory allegation that the undersigned has a conflict "due to her presence in Eddy [C]ounty Courts" but does not set forth any factual allegations to support his allegation of a conflict.  Motion to Vacate Order of Dismissal at 2.  Plaintiff does not set forth any argument showing that the Court erred in determining that his Amended Complaint failed to state a claim or in dismissing this case.

**Motion for Injunctive Relief and Motion to Depose**

Plaintiff's Motion for Injunctive Relief states "your Honor never allowed Plaintiff to present his case" and "Prayers for injunctive relief these abuses and the failure to prosecute" but does not describe in reasonable detail the act or acts that Plaintiff seeks to enjoin.  Motion for Injunctive Relief at 3, 5.  Plaintiff's Motion to Depose makes vague allegations of misconduct and abuse of power and states: "Plaintiff seek to present Bills of Indictments to a special grand jury Affording Defendants to defend themselves by a jury of their piers., a right abused by defendants." [sic] Motion to Depose at 2.  Because the Court is denying Plaintiff's Motion to Vacate the Order of Dismissal, the Court denies Plaintiff's Motion for Injunctive Relief and Plaintiff's Motion to Depose as moot.

**Other Documents**

Plaintiff filed three other documents concurrently with his Motion to Vacate Order of Dismissal.

Plaintiff's Notice of Racial Discrimination contends that because the state court failed to address abuses of power, "this case Warrants Federal Intervention by Certiorari Review." Doc. 19 at 1.

Plaintiff's Supplement Summary Judgment Response states: "Should the court actually consider summary judgement, plaintiff will ask the court to impose corrective measure by reprimands, fines, training and prosecutions ... plaintiff feels [evidence] should be presented to a grand jury ... Plaintiff should be allowed to present bills of indictments ... restitution should be considered." Doc. 20 at 1.

Plaintiff's Writ of Certiorari alleges that employees of the City of Carlsbad Solid Waste Department were subjected to racial discrimination. *See* Doc. 21 at 1.

To the extent these other documents request relief, the Court denies those requests because the Court is denying Plaintiff's Motion to Vacate the Order of Dismissal.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Vacate Order of Dismissal, Doc. 18, filed December 15, 2022, is **DENIED.**

(ii) Plaintiff's Motion for Injunctive Relief, Doc. 16, filed December 15, 2022, is **DENIED.**

(iii) Plaintiff's Motion to Depose, Doc. 17, filed December 15, 2022, is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**